```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

I SANTI, INC. d/b/a LUCIANO               CIVIL ACTION
RISTORANTE ITALIANO


VERSUS                                    NO: 08-895


GREAT AMERICAN INSURANCE                  SECTION: "R"
COMPANY OF NEW YORK, and J.D.
ELLINGTON INSURANCE, INC.


## ORDER AND REASONS

Before the Court is defendant Great American Insurance Company of New York's motion to transfer this action to the Western District of Texas, San Antonio division, pursuant to 28 U.S.C. § 1404. For the following reasons, the Court DENIES defendant's motion.


**I.   BACKGROUND**

Plaintiff I Santi, Inc. is a Texas corporation whose Louisiana-based restaurant sustained damage from Hurricane Katrina. Plaintiff's restaurant, Luciano Ristorante Italiano, was located at Oakwood Center Mall, 197 Westbank Expressway, #1525, in Gretna, Louisiana. Plaintiff's business was insured by

1

an insurance policy issued by defendant Great American Insurance Company.

Plaintiff alleges that its business suffered damage from fire, smoke, and mold.  Plaintiff claims that it filed Proof of Loss with Great American on or about September 8, 2005.  Plaintiff alleges that on July 18, 2006, eleven months after the loss, Great American notified I Santi that it would pay $17,779.62 for the damage.  Plaintiff alleges that the loss estimate did not include business income and that a wind deductible was applied to the loss despite the premises having suffered no wind damage.

On August 25, 2006, I Santi sued Great American and J.D. Ellington Insurance, Inc.[1] in state court for breach of contract and improper claims adjustment. (R. Doc. 1-2 at ¶¶V-VI).  Plaintiff seeks to recover under its policy for the damage to its property and penalties, attorneys' fees, and costs under Louisiana Revised Statutes 22:1220 and 22:658. (R. Doc. 1-2, ¶¶V-VI).  On February 7, 2008, Great American removed the state court action to this Court. (R. Doc. 1).  Great American now moves to transfer this action to the United States District Court, Western District of Texas, San Antonio Division.  Plaintiff opposes the transfer.

---

[1] It is unclear if defendant J.D. Ellington was ever served with plaintiff's petition for damages.  J.D. Ellington has not filed an answer to the petition in state or federal court.

**II.   LEGAL STANDARD**

The defendant moving to transfer venue must show good cause. *In re Volkswagen of America, Inc.*, __ F.3d __, 2008 WL 4531718 at *7 (5th Cir. 2008) (en banc). Under 28 U.S.C. § 1404(a), "for the convenience of the parties and the witnesses" and "in the interest of justice," the Court may transfer an action to any other district where the plaintiff could have filed suit. The defendant must first demonstrate that the plaintiff could have brought the action in the transferee court initially. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44; *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*). The defendant must then show "good cause" for transfer. *In re Volkswagen, Inc.*, 2008 WL 4531718, *7 (5th Cir. 2008)(*In re Volkswagen II*); *see* 28 U.S.C. § 1404(a). To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses. *In re Volkswagen II*, 2008 WL at *7. When the transferee venue is not clearly more convenient, then the reviewing court should respect the plaintiff's choice. *Id.*

In deciding a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *See In re Volkswagen II*, 2008 WL 4531718 at *8. The private interest

3

factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

While the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. *Id.* Moreover, no single factor is of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

**III. DISCUSSION**

    **A.   Venue and Personal Jurisdiction**

The Court must first determine whether plaintiff's action could have originally been filed in the Western District of Texas. A civil action founded only on diversity may be brought in:

>   (1) a judicial district where any defendant resides,
>   if all defendants reside in the same State,
>
>   (2) a judicial district in which a substantial part of
>   the events or omissions giving rise to the claim
>   occurred, or a substantial part of property that is
>   the subject of the action is situated, or
>
>   (3) a judicial district in which any defendant is
>   subject to personal jurisdiction at the time the
>   action is commenced, if there is no district in which
>   the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of Section 1391, a defendant corporation resides in any district in which it is subject to personal jurisdiction at the time the action commences. 28 U.S.C. § 1391(c). Great American contends that the suit could have been filed in the Western District of Texas, San Antonio Division, "because that is the location of the Plaintiff's principal place of business." This statement alone does not demonstrate that this suit could have been brought in the Western District of Texas. The statute provides that venue is proper based on the residence of the defendant, where the claimed events occurred or property is located, or where the defendant is subject to personal jurisdiction, if no other district is available. Plaintiff's principal place of business does not establish any of these bases for venue. As such, defendant has not met its burden of proving that the action could have originally been brought in the Western District of Texas.

**B.     Private and Public Interest Factors**

Even if the action could have originally been brought in the Western District of Texas, the private and public interest factors do not weigh in favor of transfer.

**1.     Private Interest Factors**

***Relative Ease of Access to Sources of Proof***

Plaintiff seeks damages for loss of business income, significant out-of-pocket expenses, and remediation costs due to hurricane-related damage. The damaged property is located in Gretna, Louisiana, and the damage adjustment necessarily had to have occurred at least in part there. Plaintiff asserts that the documents supporting its claims are split between New Orleans, Louisiana and San Antonio, Texas. Great American claims that the documentation supporting its adjustment of the claim is located in Texas. Since the sources of proof are split between the two forums, this factor is neutral.

***Availability of Compulsory Process***

Federal Rule of Civil Procedure 45(b)(2) gives the district court power to subpoena any witness within 100 miles of the trial, deposition, or hearing. Defendant contends that the availability of the subpoena power is neutral as to transfer, since one witness lives in Texas, one lives in Louisiana, and one lives in Chicago. Plaintiff argues that there are several individuals on the witness list who reside within the subpoena

power of the Eastern District of Louisiana. Specifically, plaintiff intends to call two witnesses employed by its landlord, General Growth Properties, both of whom live in Louisiana within one hundred miles of the court. Current and former I Santi employees also live in Louisiana within this Court's subpoena power. Since plaintiff has several witnesses who reside within the subpoena power of this district, this factor does not weigh in favor of transfer.

### *Cost of Attendance for Willing Witnesses*

Defendant argues that San Antonio is a more convenient forum merely because plaintiff's attorney, who it alleges will testify concerning attorneys' fees, is in Texas. Defendant does not allege that any of its witnesses reside in Texas. Plaintiff concedes that three of its witnesses, the two I Santi owners and the company's bookkeeper, reside in San Antonio, but notes that both parties plan to call expert and fact witnesses from the New Orleans area. Plaintiff also notes that its local attorney will testify as to attorneys' fees. Since defendant has not submitted any evidence that witnesses will suffer a hardship from traveling to New Orleans, and since many of plaintiff's witnesses reside in the New Orleans area, this factor weighs against transfer.

### *Other Practical Problems*

Trial is scheduled for June 8, 2009. (R. Doc. 14). Since this case is still in its early stages, a transfer would not

7

result in delay or prejudice either party.  Therefore, this factor is neutral.

### 2. Public Interest Factors

#### *Administrative Convenience*

Defendant contends that the court congestion in the Eastern District of Louisiana favors transfer.  Defendant cites caseload statistics compiled by the Administrative Office of the United States Courts to support its contention.[2]  The statistics establish the number of civil cases pending in the Eastern District of Louisiana and the Western District of Texas as of March 31, 2007 — over a year and a half ago, when the Eastern District was deluged with Katrina cases.  The statistics, do not establish that this case may be tried sooner in the Western District of Texas.  While the statistics show that the Eastern District of Louisiana had more pending civil cases at the time, they do not take into account the pending criminal cases in each district.  The Western District of Texas had substantially more criminal cases on its docket.  Further, the statistics do not reflect that a substantial portion of the cases pending in the Eastern District of Louisiana were part of the multi-district *Vioxx* litigation pending before Section L of the Eastern District.  In addition, a substantial number of the cases pending

---

[2] Federal Judicial Caseload Statistics, *available at* http://www.uscourts.gov/caseload2007/contents.html.

in the Eastern District of Louisiana are Katrina cases. As the Eastern District is now quite familiar with these claims, the courts are disposing of the cases more quickly. The case is scheduled for trial in this Court on June 8, 2009 (R. Doc. 14), and there is no evidence that the parties could go to trial before June 8, 2009, in the Western District of Texas. Accordingly, defendant has not shown that this factor weighs in favor of transfer.

### *Local Interest*

Defendant contends that this factor weighs against transfer. While I Santi has its principal place of business in Texas, the property damage occurred in the Eastern District of Louisiana. In addition, the restaurant operated in Louisiana and its patrons were Louisiana citizens. Thus, as the case involved damage to the Louisiana branch of the restaurant, which employed Louisiana citizens and received Louisiana customers, this factor weighs against transfer.

### *Forum Familiarity and Conflicts of Law Problems*

The parties dispute which state's law will govern the interpretation of the insurance policy. Because the Court's jurisdiction is based on diversity of citizenship, the choice of law rules of Louisiana, the forum state, apply. *See Klaxon Co. v. Stenton Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Duhon v. Union Pacific Resources Co.*, 43 F.3d 1011 (5th Cir. 1995). Louisiana

Civil Code article 3515 provides the general rule to determine which state's law applies when there is a conflict. The article provides:

> [A]n issue in a case having contacts with other states is governed by the laws of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La. Civ. Code Ann. art. 3515. Louisiana Civil Code article 3537 provides a more specific rule for determining which state's laws would be most seriously impaired in contract disputes. The Court should evaluate:

> [T]he strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code. Ann. art. 3537. Louisiana courts have applied both articles to disputes over choice of law in insurance contracts. *See Norfolk Southern Corp. v. California Union Ins.*

*Co.*, 859 So.2d 167, 179-80 (La. Ct. App. 2003); *Shell Oil Co. v. Hollywood Marine, Inc.*, 701 So.3d 1038, 1041 (La. Ct. App. 1997); Defendant contends that the insurance policy should be interpreted in accordance with Texas law since the insured is from Texas.  Plaintiff argues that the policy is governed by Louisiana law since it contains policy endorsements specific to Louisiana.  Defendant, who bears the burden of proof, did not bother to submit evidence of the insurance policy to the Court.  The Court has no evidence of whether there was a choice of law provision within the contract or where the policy was negotiated and formed.  Without more evidence, the Court cannot undertake the necessary analysis.

Even if Texas law applies, defendant has not shown that Texas contract law is so different from the laws of other jurisdictions that this Court would struggle to apply it.  In the aftermath of Hurricane Katrina, this Court has dealt with myriad lawsuits involving insurance contracts, including disputes over business interruption coverage.  Interpreting Texas contract law requires no special expertise, and thus these factors do not weigh in favor of transfer.

Considering all of the Section 1404(a) factors, the Court finds that defendant has not shown that the proposed transferee district is clearly more convenient than this forum.  This is not a situation where plaintiff has selected a forum that is completely unrelated either to any of the parties or the events

giving rise to the case.  Accordingly, plaintiff's choice of forum deserves due deference.

**IV.     CONCLUSION**

Because the defendant has failed to show good cause to transfer this case, the Court DENIES defendant's Motion to Transfer.

New Orleans, Louisiana, this __31st__ day of October 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE